IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRYL LEE GOLDSTEIN, | ) | No. C 08-04840 SBA (PR) |
| Plaintiff, | ) ) | **ORDER OF SERVICE** |
| v. | ) ) | |
| SHERIFF DON HERSLEY, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff Darryl Lee Goldstein, a state prisoner, filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed <u>in forma pauperis</u>.

**BACKGROUND**

On August 8, 2005, Plaintiff filed a previous civil rights action, Case No. C 05-3209 SBA (PR). He alleged that while he was at the San Mateo County Jail (SMCJ), Defendants retaliated against him and violated his right to exercise his religion under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (2000) (RLUIPA). (Compl., Attach. at 2.) In an Order dated July 29, 2008, the Court dismissed his complaint with leave to amend. (July 29, 2008 Order in Case No. C 05-3209 SBA (PR).) In the present case, Plaintiff acknowledges that:

> The claims in this complaint were originally filed in case no. C-05-3209 SBA. The Court dismissed all the clams in that case except the ones submitted in the instant complaint. These claims all relate to the Religious Land Use [and] Institutionalized Persons Act. Plaintiff was instructed to file an Amended Complaint addressing these claims.

(Compl. Attach. at 2.) In the July 29, 2008 Order, Plaintiff was specifically directed to "link specific Defendants to his claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights." (July 29, 2008 Order in Case No. C 05-3209 SBA (PR) at 10-11 (citing <u>Leer v. Murphey</u>, 844 F.2d 628, 634 (9th Cir. 1988)).) Further, the Court directed Plaintiff to clarify his claims against certain Defendants: "If Plaintiff intends to sue a Defendant based on supervisory liability, he must allege that the Defendant, as a supervisor, 'participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" (<u>Id.</u> at 14 (citing <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)).) Plaintiff was also directed to allege the specific dates of the violations rather then the time frame he provided as "March 14, 2005 to December 30, 2005." (<u>Id.</u> at

11.) Moreover, Plaintiff was directed to explain whether he exhausted his administrative remedies with respect to his RLUIPA and retaliation claims before he filed his complaint. (Id.) Plaintiff failed to file an amended complaint; therefore, in an Order dated September 3, 2008, the Court dismissed his complaint without prejudice.

In the present case, Plaintiff re-alleges that the Defendants violated his constitutional rights to practice his religion, discriminated against him, retaliated against him for prior litigation complaints he filed against San Mateo County in the past, and subjected him to intentional emotional distress." (Compl. at 2.)

Plaintiff re-names Defendant Trindle and now asserts the following Defendants also participated in the alleged violation: San Mateo County Sheriff Don Hersley, Commander of SMCJ Trisha Sanchez, Assistant Commander of SMCJ Lt. Randleman, Head SMCJ Chaplain Reverend Carole Bowen, San Mateo County, and Does I-V." (Id. at 1.)

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II.   Legal Claims

####    A.   RLUIPA Claim

RLUIPA provides: "No government shall impose a substantial burden on the religious

2

exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).  The statute applies to any "program or activity that receives Federal financial assistance."  42 U.S.C. § 2000cc-1(b)(1).

Plaintiff alleges he was: (1) denied "his right to see a Jewish Chaplain in a confidential setting;" (2) denied his right "to have Jewish services;" (3) denied the ability "to wear my prayer cap" and (4) "forced to pray in a room with a toilet (cell) during the High Holidays."  (Compl. at 3.)  Specifically, Plaintiff alleges "prior to Passover (2005), plaintiff requested to see a Jewish Chaplain," but his oral and written requests were unanswered.  (Id. at 7.)  However, Plaintiff concedes that "[i]n late 2005, prior to the high Jewish Holidays, he had a contact visit [with a Jewish Chaplain] in the multipurpose room on Pod 5 East."  (Id.)  Furthermore, Plaintiff was provided the "two visits from Jewish Chaplain in the regular voice monitored non-contact visiting room."  (Id. at 8.)  Plaintiff further states:

> During the High Jewish Holidays (Rosh Hashanah and Yum Kippur) plaintiff requested permission from the Pod Deputy to pray[] outside the cell on Yum Kippur (to be away from the toilet).  Plaintiff was told by the Pod Deputy (after making a phone call) that the Jail Administration[1] denied the request.

(Id.)  He also alleges that he made "a specific request to be able to wear his prayer cap on the High Jewish Holidays and on the Sabbath [and] [t]hat request was denied by Jail Administration, specifically Lt. Randleman."  (Id. at 9.)  Plaintiff claims these denials violated his religious rights because "other faiths regularly use the multipurpose room for services - weekly prayer sessions and private contact session with chaplains."  (Id. at 8.)  Plaintiff also alleges "inmates of other faith were allowed to wear crosses and rosaries and permitted to have prayer matts [sic]."  (Id. at 9.)  Furthermore, Plaintiff alleges he was "allowed private contact visits with other faith (non Jewish) Chaplains (Rev. Carole Bowen - and a priest who worked with St. Vincent De Paul Society)."  (Id. at

---

[1] In a footnote, Plaintiff explains: "In this action the word Jail Administration refers to Defendants - Trindle - Sanchez - Randleman - and Rev. Bowen."  (Compl. at 7 n.1.)

3

10.)

Plaintiff alleges he "sent numerous letters - requests slips and inmate grivances [sic] to Defendants Horsley - Trindle - Sanchez - Randleman regarding all of the claims in this complaint." (Id. at 9.) In his accompanying declaration, Plaintiff alleges "that each and every claim in the attached complaint was appealed to the Jail Administration in order to exhaust any administrative remedies." (Pl. Decl. ¶ 6.) Specifically, Plaintiff states: "I wrote many letters to Captain Sanchez regarding my religio[n] and those letters were generally referred to her Administrative Lt. (Handleman)[2] and Administrative Sgt (David Titus)[3] to respond[] to." (Id. at ¶ 12.) Plaintiff "specifically recall[s] getting letters from Lt. Handlman and Sgt. Titus denying my religious requests." (Id. at ¶ 13.) Plaintiff does not provide the dates and content of his grievances or any replies.[4] However, Plaintiff claims he does not have access to his files and "intends to request permission from the Court to file supplemental Declaration with attached exhibits of my requests and replies with regards to the claims in this action." (Id. at ¶ 14.)

Liberally construed, with the exception of the allegation that he was forced to meet with a Jewish Chaplain through glass, the Court finds that Plaintiff's remaining allegations state a cognizable RLUIPA claim. Plaintiff has sufficiently linked Defendants Horsley, Trindle, Sanchez, Randleman and Bowen by alleging he sent them grievances regarding his claim. Accordingly, this claim will proceed against the aforementioned Defendants.

### B. Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

---

[2] Although Plaintiff wrote "Handleman," the Court assumes he is referring to Randleman based on reading the complaint in its entirety.

[3] Plaintiff has not named Sergeant Titus as a Defendant in this action.

[4] Plaintiff alleges he exhausted his administrative remedies because he sent grievances and letters "to the top" SMCJ administration. (Compl. at 2.) However, if Plaintiff bypassed the first and second informal and formal levels of review, then he may not have abided by SMCJ established grievance procedure and the Prison Litigation Reform Act of 1995 under 42 U.S.C. § 1997e(a). This is an issue better resolved at a later stage of the case.

4

United States District Court
For the Northern District of California

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would have chilled or silenced a person of ordinary firmness from future First Amendment activities." White v. Lee, 227 F.3d 1214,1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)). Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Compare id. (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier) with Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1315-16 (9th Cir. 1989) (evidence of timing and nature of suspensions sufficient to infer retaliatory motive).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). Retaliatory motive may be shown by the timing of the allegedly-retaliatory act and inconsistency with previous actions, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003). The filing of civil rights actions does constitute the exercise of constitutional rights. However, the simple allegation that certain retaliatory actions occurred after Plaintiff's prior civil rights actions were filed does not, without more, establish retaliation; rather, Plaintiff must allege a nexus between the two. See Huskey, 204 F.3d at 899.

Here, Plaintiff alleges that "he was discriminated and retaliated against by the Defendants each and every one of them based on his filing prior litigation against county jail staff and the county of San Mateo." (Compl. at 11.) However, Plaintiff does not allege any nexus between the filing of

his prior actions and the alleged retaliatory actions.[5] Plaintiff also has not alleged that he has exhausted his administrative remedies as to this claim. Accordingly, Plaintiff's retaliation claim is DISMISSED with leave to amend. He may file an amended retaliation claim in an amendment to the complaint in order to allege that the above-referenced actions were in retaliation for the exercise of his constitutional rights.

## III.   Defendants

### A.   Doe Defendants

Plaintiff also identifies "Does I-V" as Doe Defendants. The use of "Doe" to identify a defendant is not favored in the Ninth Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities, he may move to file an amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### B.   Municipal Liability - San Mateo County

Local governments are "persons" subject to liability under § 1983 where an official policy or custom causes a constitutional tort. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); see also Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 604-05 & n.1, 610-11 (9th Cir. 1986) (holding that county sheriffs department is a public entity under California law and may therefore be sued in federal court, subject to the limitations on imposing liability on a municipality). They may not be held vicariously liable for the unconstitutional acts of their employees under the theory of respondeat superior. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). Rather, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show:

---

[5] The Court notes Plaintiff was previously directed to cure this pleading deficiency in the July 29, 2008 Order in Case No. C 05-3209 SBA (PR). Not only did he fail to amend the previous complaint, but he has also failed to correct this pleading deficiency in his subsequent complaint.

(1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Liability based on a municipal policy may be satisfied one of three ways:

> (1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity,
>
> (2) by establishing that the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or
>
> (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.

See Fuller, 47 F.3d at 1534; Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

A local government may also be liable for constitutional violations resulting from its failure to supervise, monitor or train, but only where the inadequacy of said supervision, monitoring or training amounts to deliberate indifference to the rights of the people with whom the local government comes into contact. See Harris, 489 U.S. at 388; Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Mackinney v. Nielsen, 69 F.3d 1002, 1010 (9th Cir. 1995); Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).

Plaintiff makes a conclusory allegation that "[t]he policy - practice and procedures of Defendant San Mateo County were the motivating force of the constitutional deprivations suffered by Plaintiff." (Compl. at 6.) Such a claim is unsupported by sufficient facts to show that the county either knew of such a policy or itself maintained a policy that amounted to a violation of Plaintiff's constitutional rights. See Plumeau, 130 F.3d at 438. Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employees are insufficient to establish the existence of a municipal policy or custom. See McDade v. West, 223 F.3d 1135, 1142 (9th Cir. 2000).

Accordingly, this claim regarding an alleged retaliation policy is DISMISSED.[6]

## IV. Pleading Requirements

Because Plaintiff has not been following proper pleading requirements.  All future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

Rule 3-4.  Papers Presented for Filing.

(c) General Requirements.

    (2) Written Text.  Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations.  Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch.  Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman).  The text of footnotes and quotations must also conform to these font requirements.

    (3) Identification of Paper.  Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation.  Once the Court assigns a case number to the action that case number must be included in the footer.

Rule 7-4.  Brief or Memorandum of Points and Authorities.

(a) Content.  In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:

    \*\*\*

    (2) If in excess of 10 pages, a table of contents and a table of authorities;

    (3) A statement of the issues to be decided;

    (4) A succinct statement of the relevant facts; and

    (5) Argument by the party, citing pertinent authorities.

(b) Length.  Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

---

[6] The Court notes Plaintiff's previous claim against San Mateo County in Case No. C 05-3209 SBA (PR) was all dismissed on identical legal grounds.

Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable RLUIPA claim against Defendants Horsley, Trindle, Sanchez, Randleman and Bowen.

2. Plaintiff's retaliation claim is DISMISSED with leave to amend.

3. Within **thirty (30) days** of the date of this Order Plaintiff may file an amended retaliation claim as set forth above in Section II(B) of this Order.  (Plaintiff shall resubmit only that claim and not the entire complaint.)  The amended claim must be submitted on an amendment to the complaint.  It must include the caption as well as the civil case number of this action (C 08-04840 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page.  In his amendment to the complaint, Plaintiff must also link specific Defendants to his retaliation claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights.  Leer, 844 F.2d at 634.  If Plaintiff intends to sue a Defendant based on supervisory liability, he must allege that the Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  Plaintiff shall also inform the Court whether he exhausted his administrative remedies with respect to the retaliation claim in his complaint before he filed his suit.  The failure to do so will result in the dismissal without prejudice of his retaliation claim.

4. The claims against the Doe Defendants are DISMISSED without prejudice.

5. The municipal liability claim against Defendant San Mateo County is DISMISSED.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **San Mateo County Sheriff Don Hersley, Assistant Sheriff Greg Trindle, Commander of SMCJ Trisha Sanchez, Assistant Commander of SMCJ Lt. Randleman, and Head SMCJ Chaplain Reverend Carole Bowen**.

The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the San Mateo County Counsel's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

8.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.  No later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is

filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendants shall file a reply brief no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  9. Discovery may be taken in this action in accordance with the Federal Rules of Civil

11

Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 2/9/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRYL LEE GOLDSTEIN,

        Plaintiff,

v.

DON HORSLEY et al,

        Defendant.

Case Number: CV08-04840 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
California State Prison - San Quentin
San Quentin, CA 94964

Dated: February 11, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Goldstein4840.service.frm