IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE GOLDSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF DON HORSELY, et al.,<br><br>    Defendants. | No. C 08-04840 SBA (PR)<br><br>**ORDER REVIEWING AMENDMENT TO THE COMPLAINT; GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; ADDRESSING PLAINTIFF'S PENDING MOTIONS; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM; REQUIRING SERVICE ON DEFENDANT BOWEN AND SETTING BRIEFING SCHEDULE** |

Plaintiff Darryl Lee Goldstein, a state prisoner currently incarcerated at California State Prison - Solano (Solano), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. The following background is taken from the Court's February 9, 2011 Order:

> On August 8, 2005, Plaintiff filed a previous civil rights action, Case No. C 05-3209 SBA (PR). He alleged that while he was at the San Mateo County Jail (SMCJ), Defendants retaliated against him and violated his right to exercise his religion under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (2000) (RLUIPA). (Compl., Attach. at 2.) In an Order dated July 29, 2008, the Court dismissed his complaint with leave to amend. (July 29, 2008 Order in Case No. C 05-3209 SBA (PR).) In the present case, Plaintiff acknowledges that:
>
>> The claims in this complaint were originally filed in case no. C-05-3209 SBA. The Court dismissed all the clams in that case except the ones submitted in the instant complaint. These claims all relate to the Religious Land Use [and] Institutionalized Persons Act. Plaintiff was instructed to file an Amended Complaint addressing these claims.
>
> (Compl. Attach. at 2.) In the July 29, 2008 Order, Plaintiff was specifically directed to "link specific Defendants to his claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights." (July 29, 2008 Order in Case No. C 05-3209 SBA (PR) at 10-11 (citing Leer v. Murphey, 844 F.2d 628, 634 (9th Cir. 1988)).) Further, the Court directed Plaintiff to clarify his claims against certain Defendants: "If Plaintiff intends to sue a Defendant based on supervisory liability, he must allege that the Defendant, as a supervisor, 'participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" (Id. at 14 (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).) Plaintiff was also directed to allege the specific dates of the violations rather then the time frame he provided as "March 14, 2005 to December 30, 2005." (Id. at 11.) Moreover, Plaintiff was directed to explain whether he exhausted his administrative remedies with respect to his RLUIPA and retaliation claims before he filed his complaint. (Id.) Plaintiff failed to file an amended complaint; therefore, in an Order dated September 3, 2008, the Court dismissed his complaint without prejudice.

> In the present case, Plaintiff re-alleges that the Defendants violated his constitutional rights to practice his religion, discriminated against him, retaliated against him for prior litigation complaints he filed against San Mateo County in the past, and subjected him to intentional emotional distress." (Compl. at 2.)
>
> Plaintiff re-names Defendant Trindle and now asserts the following Defendants also participated in the alleged violation:  San Mateo County Sheriff Don Hersley,[1] Commander of SMCJ Trisha Sanchez, Assistant Commander of SMCJ Lt. Randleman, Head SMCJ Chaplain Reverend Carole Bowen, San Mateo County, and Does I-V." (Id. at 1.)

(Feb. 9, 2011 Order at 1-2.)  In its February 9, 2011 Order, the Court found that Plaintiff stated a cognizable RLUIPA claim against Defendants Horsely, Trindle, Sanchez, Randleman and Bowen. Plaintiff's retaliation claim was dismissed with leave to amend.  The Court stated:

> Within **thirty (30) days** of the date of this Order Plaintiff may file an amended retaliation claim as set forth above in Section II(B) of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.)  The amended claim must be submitted on an amendment to the complaint.  It must include the caption as well as the civil case number of this action (C 08-04840 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page.  In his amendment to the complaint, Plaintiff must also link specific Defendants to his retaliation claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights.  Leer, 844 F.2d at 634.  If Plaintiff intends to sue a Defendant based on supervisory liability, he must allege that the Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  Plaintiff shall also inform the Court whether he exhausted his administrative remedies with respect to the retaliation claim in his complaint before he filed his suit.  The failure to do so will result in the dismissal without prejudice of his retaliation claim.

(Id. at 9.)  Finally, the Court dismissed Plaintiff's claims against the Doe Defendants and his municipal liability claim against Defendant San Mateo County.

The Clerk of the Court mailed a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto to Defendants Horsely, Trindle, Sanchez, Randleman and Bowen.

On March 1, 2011, Plaintiff filed a motion for an extension of time to file his amendment to the complaint, which the Court granted in an Order dated March 31, 2011.  Plaintiff was given until May 2, 2011 to file his amendment to the complaint.

On March 10, 2011, Defendants Horsely, Trindle, Sanchez and Randleman returned their

---

[1] The Court initially referred to Defendant Horsely as "Defendant Hersley" in its Order of Service; however, the correct spelling of his name is "Defendant Horsely."

2

waiver of service form.

On April 12, 2011, Defendants Horsely, Trindle, Sanchez and Randleman filed their answer to the complaint.

In an Order dated April 25, 2011, the Court granted Defendants Horsely, Trindle, Sanchez and Randleman an extension of time to file their dispositive motion.

On April 26, 2011, Plaintiff filed a "Motion for [an] Order Directing San Mateo County Counsel's Office to Appeal on Behalf of Defendant Carole Bowen."

On May 12, 2011, Plaintiff filed his amendment to the complaint, which the Court reviews below.

On May 16, 2011, Plaintiff filed a document entitled, "Request to Vacate Deposition of Darryl Lee Goldstein," which was set for May 19, 2011. (Pl.'s Req. to Vacate Depo. at 2.) Plaintiff claims that he "currently is prescribed medications that will certainly impair plaintiff[']s ability to adequately participate in the Deposition." (Id.)

Plaintiff's May 19, 2011 deposition did not take place. Instead, on May 17, 2011, Defendants filed a response to Plaintiff's "Request to Vacate Deposition of Darryl Lee Goldstein," as well as a motion "seeking a further extension of time for [them] to file their dispositive motion, from June 14, 2011 to July 14, 2011." (Defs.' Response and Motion for EOT at 1.) Defendants claim that a further extension of time is necessary "so that they [may] have the opportunity to depose Plaintiff before they are required to file a dispositive motion." (Id. at 4.) Finally, Defendants state that "there are *no* certain available dates [for Plaintiff's deposition] until June 27-29, 2011." (Id. (emphasis in original).)

On May 20, 2011, Plaintiff filed a "Request to Have Case Referred to the Pro Se Prisoner Settlement Program."

On May 24, 2011, Deputy County Counsel Ceide Zapparoni, who currently represents Defendants Horsely, Trindle, Sanchez and Randleman, responded to Plaintiff's April 26, 2011 motion by confirming that "San Mateo County Counsel does **not** represent Ms. Bowen." (May 24, 2011 Letter from Ceide Zapparoni, Esq. at 1.) Deputy County Counsel Zapparoni further stated that

3

Defendant Bowen was "formerly employed by the Service League of San Mateo County," which is "located at 727 Middlefield Road, Redwood City, CA 94063."  (Id.)

Also on May 24, 2011, Plaintiff filed a "Request for the Court to Stay It's [sic] Ruling on the Defendants['] Request for Extension of Time to File Dispositive Motion Until May 27, 2011."

On May 27, 2011, Defendants Horsely, Trindle, Sanchez and Randleman filed an answer to the amendment to the complaint, which was entitled, "Defendants' Answer to Plaintiff's First Amended Complaint."

On May 31, 2011, Plaintiff filed an "Opposition to the Defendants['] Request for Additional Time to File Summary Judgment Motion."

On June 1, 2011, Plaintiff filed a "Motion to Strike the Declaration of Ceide Zapparoni in Support of Defendants['] Response to Plaintiff's Request to Vacate Plaintiff's Deposition Noticed for May 19, 2011; Defendants['] Request for Extension of Time to File Dispositive Motion."  Plaintiff points to a portion in Deputy County Counsel Zapparoni's declaration which states, "I make this Declaration in Support of the Defendant[s'] Response to Plaintiff's Request For Extension Of Time to File Dispositive Motion for May 19, 2011 and Request for Extension of Time to File Dispositive Motion."  (Zapparoni Decl. ¶ 1.)  Plaintiff claims that he has "never requested from this Court an extension of time to file an [sic] Dispositive motion as stated under penalty of perjury in the Declaration of attorney Ceide Zapparoni."  (Pl.'s Decl. In Supp. of Mot. to Strike at 1.)

On June 7, 2011, Plaintiff filed a "Motion to Strike the Defendants['] Answer to Plaintiff's First Amended Complaint or O[r]der Directing Defendants to Retitle [and] Refile the Appropriate Document."  In this motion, Plaintiff points out that Defendants should have filed an answer to the "Amendment to the Complaint" instead of an answer to the "First Amended Complaint."  (Pl.'s June 7, 2011 Mot. at 1.)

## **DISCUSSION**

### I.  **Plaintiff's Amendment to the Complaint**

In the amendment, Plaintiff states that he is amending his retaliation claims against Defendants Horsely, Trindle, Sanchez, Randleman and Bowen stemming from the incidents in 2005.

4

He also alleges that he was "again confined at the same San Mateo County Jail, [and that] [s]ome of the same defendants **once again** caused the Plaintiff constitutional injuries from January 10, 2010 to June 13, 2010 [so] Plaintiff will state those claims in this brief in order to consolate [sic] the claims and avoid filing a new action." (Am. to Compl. at 1-2.) Plaintiff states that the "additional claims are religious claims much like the one already served on the defendants, claims of deliberate indifference to the Plaintiff[']s serious medical needs[.]" (Id. at 2.)

The Court notes that it previously dismissed Plaintiff's retaliation claim, stating:

> The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). Retaliatory motive may be shown by the timing of the allegedly-retaliatory act and inconsistency with previous actions, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003). The filing of civil rights actions does constitute the exercise of constitutional rights. However, the simple allegation that certain retaliatory actions occurred after Plaintiff's prior civil rights actions were filed does not, without more, establish retaliation; rather, Plaintiff must allege a nexus between the two. See Huskey, 204 F.3d at 899.
>
> Here, Plaintiff alleges that "he was discriminated and retaliated against by the Defendants each and every one of them based on his filing prior litigation against county jail staff and the county of San Mateo." (Compl. at 11.) However, Plaintiff does not allege any nexus between the filing of his prior actions and the alleged retaliatory actions.[2] Plaintiff also has not alleged that he has exhausted his administrative remedies as to this claim. Accordingly, Plaintiff's retaliation claim is DISMISSED with leave to amend. He may file an amended retaliation claim in an amendment to the complaint in order to allege that the above-referenced actions were in retaliation for the exercise of his constitutional rights.

(Feb. 9, 2011 Order at 5-6 (footnote in original).)

In his amendment to the complaint, Plaintiff addresses his "retaliation claims from the period of incarceration from March 15, 2005 to June 28, 2006." (Am. to Compl. at 2.) Plaintiff clarifies that during the relevant time frame, Defendant Horsely was the "Sheriff of San Mateo County who was charged with the Custody of prisoners in the San Mateo County Jail System and was responsible for protecting the civil rights of the wards in his custody." (Id.) Plaintiff states that Defendant Trindle was the "Assistance Sheriff of the County of San Mateo and his position as Assistant Sheriff,

---

[2] The Court notes Plaintiff was previously directed to cure this pleading deficiency in the July 29, 2008 Order in Case No. C 05-3209 SBA (PR). Not only did he fail to amend the previous complaint, but he has also failed to correct this pleading deficiency in his subsequent complaint.

he was in charge of the San Mateo County Jails, [and] he had a responsiblity [sic] to protect the civil rights of his wards . . . ."  (Id.)  Plaintiff states that Defendant Sanchez "was the Captain who was the Commander of the San Mateo County Jail Ma[g]uire Correctional Facility."  (Id.)  Plaintiff claims that Defendant Randleman "was the Jail Commander" and that he "carries out the policies of the Jail Administration and had a responsibilty [sic] to protect the civil rights of his wards . . . ."  (Id.)  Finally, Plaintiff claims that Defendant Bowen "was employed by the Service League of San Mateo County and was assigned to the [S]an Mateo County Sheriff[']s Office as the **Supervising Chaplain** for the San Mateo County Jail System . . . ."  (Id. at 3 (emphasis in original).)  Plaintiff claims that he is suing Defendants Horsely, Trindle and Bowen in both their individual and official capacities.  The Court assumes he is suing Defendants Sanchez and Randleman only in their individual capacities.  In the body of his amendment to the complaint, Plaintiff again makes conclusory allegations against these Defendants, stating:

> Plaintiff alleges that: (1) these defendants participated in the alleged constitutional violations, (2) THAT AFTER BEING INFORMED of the violation through a report inmate grievance, failed to remedy the wrong[,] (3) they created a policy and custom under which unconstitutional practices ocurred [sic], and allowed the continuance of such a policy and custom, (4) these defendants were grossly negligent in supervising subordinates who [] committed wrongful acts, and these defendants exhibited deliberate indifference to the rights of the plaintiff in this action, by failing to act on information indicating that unconstutional [sic] acts were occurring.

(Id.)  Plaintiff claims that he "reported the constitutional violations of defendants to the appropriate staff via letter grievances [and that he] appeal[ed] his complaints all the way to the Sheriff, to no avail."  (Id.)  He adds:

> The activities that the Plaintiff was involved in and retaliated against for were his prior litigation against San Mateo Court Officials, his religious activities, his sexuality were all protected by the United States Constitution and those protected activitities [sic] were the motivating factors for the retaliation by the supervisory defendants.  The retaliatory actions served no legitimate penological interest.

(Id.)  Plaintiff states that he "is Jewish and has a lifelong history of abiding by the tenets of his religion" and that he "was denied his right to exercise his religion based on retaliatory, evil and malicious actions of the defendants collectively[3]."  (Id. at 4 (footnote in original).)  He claims that he

---

[3] Defendants in this section of the brief refers exclusively to Defendants Horsely, Trindle[,] Sanchez[,] Randleman and Bowen.

6

"previously brought extensive litigation [against] San Mateo Cou[n]ty Sheriff[']s Office employees, County Jail Correctional staff, Correctional Health Services, San Mateo County Service League employees, and the Court of San Mateo, al[l] protected constitutional right."  (Id.)  In attempting to provide a "nexus between the filing of his prior actions and the alleged retaliatory actions," Plaintiff states:

> The first of the denial of plaintiff[']s religious rights came after the plaintiff met with [Defendant] Bowen after requesting to have a rabbi visit the plaintiff and the discussion turned to the plaintiff[']s prior litigation of GOLDSTEIN VS RUTH ANN FLAMENT, No [sic], Dist Cal Case No: Cv-00-0598 SBA.

(Id.)  Plaintiff also claims that Defendant Bowen "counseled Plaintiff that his past behaviors were his problem and that he should be careful not to repeat his complaint filing against County Officials."  (Id. at 11.)  Based on these two incidents of communication with Defendant Bowen about his previous complaints, Plaintiff "considered all the problems that he was having and concluded that the litigations and grievances [he] had brought against San Mateo County Officials and Correctional Health Services" were the reason that "the Jail Administration was directing, participating in retaliatory actions against plaintiff, ordering subordinates to violate the constitutional rights of plaintiff."  (Id.)

      The Court finds that Plaintiff still has not cured the deficiencies of his retaliation claim because he does not allege any nexus between the filing of his prior actions and the alleged retaliatory actions.  It seems that Plaintiff had two conversations with Defendant Bowen about his previous civil rights actions prior to the alleged denial of his request for a rabbi and various religious items.  However, as the Court has mentioned in its prior order:

> Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Compare id. (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier) with Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1315-16 (9th Cir. 1989) (evidence of timing and nature of suspensions sufficient to infer retaliatory motive).

(Feb. 9, 2011 Order at 5.)  Simply claiming that Defendant Bowen mentioned his previous civil rights actions prior to the alleged violation of his rights (which the Court has already found to be a cognizable RLUIPA claim) does not create a nexus between the two.  Furthermore, the Court finds

7

that even if Plaintiff had sufficiently created a nexus between the two, he has not alleged that he has exhausted his administrative remedies as to his retaliation claim. In fact, he states that he reported "constitutional violations of defendant to the appropriate staff via letter grievances;" however, he does not specify that he exhausted his alleged retaliation claims against these Defendants. Accordingly, Plaintiff's retaliation claim against Defendants Horsely, Trindle, Sanchez, Randleman and Bowen is DISMISSED without prejudice and without further leave to amend. As the Court mentioned above, Plaintiff was previously directed to cure this pleading deficiency in the July 29, 2008 Order in Case No. C 05-3209 SBA (PR); however, he did not do so. Therefore, because Plaintiff has been given several chances to amend this claim (and each time he has failed to correct the pleading deficiencies), the Court finds that giving him any more opportunities to amend would be futile.

The Court will not consider any of Plaintiff's allegations in his amendment to the complaint or any attachments relating to his incarceration at SMCJ in 2010. Any new claims dealing with Plaintiff's 2010 incarceration should be raised in a new civil rights action.

As mentioned above, Defendants have filed an answer to Plaintiff's amendment to the complaint. However, the Court's findings above -- that the amendment to the complaint fails to correct the pleading deficiencies of his retaliation claim -- make Defendants' answer unnecessary. Because the Court need not consider Defendants' answer to the amendment to the complaint, Plaintiff's "Motion to Strike the Defendants['] Answer to Plaintiff's First Amended Complaint or O[r]der Directing Defendants to Retitle [and] Refile the Appropriate Document" (docket no. 61) is DENIED as moot.[4]

## II. **Defendant Bowen**

---

[4] In Plaintiff's "Motion to Strike the Defendants['] Answer to Plaintiff's First Amended Complaint or O[r]der Directing Defendants to Retitle [and] Refile the Appropriate Document," he states: "Clearing this issue up now would save judicial time and cost later should the plaintiff seek to file an Amended Complaint in this action, as he has a right to do as a matter of law." (Pl.'s June 7, 2011 Mot. at 2.) However, under the Federal Rules of Civil Procedure, a plaintiff generally may amend his complaint once as a matter of course within twenty-one days after service of a responsive pleading or within twenty-one days after the service of a motion filed under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1)(B). Here, twenty-one days have already passed since Defendants filed their answer to the complaint on April 12, 2011; therefore, Plaintiff may not amend as of right. Id. Instead, Plaintiff must obtain Defendants' consent or leave of court to amend his complaint. See id. at (a)(2).

To date, Defendant Bowen has not appeared in this action. As mentioned above, the San Mateo County Counsel's Office does not represent Defendant Bowen. (May 24, 2011 Letter from Ceide Zapparoni, Esq. at 1.) Deputy County Counsel Zapparoni has supplied the Court with Defendant Bowen's last known address. Accordingly, the Clerk is directed to mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and copies of the February 9, 2011 Order as well as this Order to Former Head SMCJ Chaplain Reverend Carole Bowen at her last-known address, the Service League of San Mateo County, 727 Middlefield Road, Redwood City, CA 94063. The parties shall abide by the briefing schedule outlined below.

Plaintiff has filed a "Motion for [an] Order Directing San Mateo County Counsel's Office to Appear on Behalf of Defendant Carole Bowen." Defendant Bowen must be served first before the Court can direct the San Mateo County Counsel's Office to appear on her behalf. Accordingly, in light of the Court's directions to serve Defendant Bowen above, Plaintiff's motion (docket no. 34) is DENIED.

**III.     Motions Relating to Plaintiff's Deposition/Defendants' Extension of Time Request**

As mentioned above, Plaintiff's May 19, 2011 deposition did not take place. The Court has previously found that the allegations in Plaintiff's complaint state a cognizable RLUIPA claim against Defendants Horsely, Trindle, Sanchez, Randleman and Bowen. The circumstances surrounding such allegations are critical to determining the viability of Plaintiff's claims. Moreover, Plaintiff's evidence will largely consist of his version of the events. Defendants are entitled to discover Plaintiff's version of the events in order to properly evaluate the case, the possibility of a dispositive motion and/or settlement, and their trial strategy. The Court directs the parties to schedule another deposition of Plaintiff, as directed below. Plaintiff shall attend Defendants' properly noticed deposition even if he is not represented by counsel. If he does not complete this deposition, the Court will dismiss this action with prejudice for failure to prosecute under Rule 41(b), failure to comply with a court order under Rule 37(b), and failure to attend his deposition under Rule 37(d).

As mentioned above, Plaintiff claims that his currently prescribed medications could "impair

[his] ability to adequately participate in the Deposition." (Mot. to Vacated at 2.) Plaintiff also claims that he "must not stop taking the medications unless advised to by a doctor, and then only via certain procedures." (Id.) However, the Court notes that Plaintiff does not support his claims with any proof, such as a letter from his doctor. Assuming Plaintiff's claims are true, the Court encourages prison officials at Solano to allow Plaintiff to obtain medical permission to reduce the amount of medication he takes prior to the deposition if he refuses to attend his deposition unless his medications are reduced.

Accordingly, the Court GRANTS Defendants' request for an extension of time to file a dispositive motion up to and including **July 14, 2011** so as to give them time to take Plaintiff's deposition (docket no. 40).

Plaintiff has filed a "Motion to Strike the Declaration of Ceide Zapparoni in Support of Defendants['] Response to Plaintiff's Request to Vacate Plaintiff's Deposition Noticed for May 19, 2011; Defendants['] Request for Extension of Time to File Dispositive Motion." Plaintiff correctly notes that there is an error on page one lines twenty-two and twenty-three of the declaration. Deputy County Counsel Zapparoni's declaration in support of Defendants' motion states that their response was to "Plaintiff's Request for Extension Of Time To File Dispositive Motion for May 19, 2011." (Zapparoni Decl. at 1.) However, it is evident that this is a typographical error, and Deputy County Counsel Zapparoni meant to state that their response was to "Plaintiff's Request to Vacate Plaintiff's Deposition Noticed for May 19, 2011," which is clearly stated in the title as well as in the body of their motion. Accordingly, the Court DENIES Plaintiff's "Motion to Strike the Declaration of Ceide Zapparoni in Support of Defendants['] Response to Plaintiff's Request to Vacate Plaintiff's Deposition Noticed for May 19, 2011; Defendants['] Request for Extension of Time to File Dispositive Motion" (docket no. 58).

Plaintiff's "Request to Vacate Deposition of Darryl Lee Goldstein," which was set for May 19, 2011, (docket no. 41) is DENIED as moot. His "Request for the Court to Stay It's [sic] Ruling on the Defendants['] Request for Extension of Time to File Dispositive Motion Until May 27, 2011" (docket no. 50) is also DENIED as moot.

**IV.    Pro Se Prisoner Settlement Program**

10

Plaintiff filed a "Request to Have Case Referred to the Pro Se Prisoner Settlement Program."

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.

Good cause appearing, the Court GRANTS Plaintiff's request and the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings shall take place within **ninety (90) days** after the date of this Order. Magistrate Judge Vadas shall coordinate a time, date and place for a settlement proceeding with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Upon reviewing Plaintiff's amendment to the complaint, his retaliation claim against Defendants Horsely, Trindle, Sanchez, Randleman and Bowen is DISMISSED without prejudice and without further leave to amend. Any new claims dealing with his 2010 incarceration should be raised in a new civil rights action. Because the Court need not consider Defendants' answer to the amendment to the complaint, Plaintiff's "Motion to Strike the Defendants['] Answer to Plaintiff's First Amended Complaint or O[r]der Directing Defendants to Retitle [and] Refile the Appropriate Document" (docket no. 61) is DENIED as moot.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and copies of the February 9, 2011 Order as well as this Order to **Former Head SMCJ Chaplain Reverend Carole Bowen at the Service League of San Mateo County, 727 Middlefield Road, Redwood City, CA 94063.** The Clerk shall also mail a copy of this Order to Deputy County Counsel Zapparoni (who represents Defendants Horsely, Trindle, Sanchez and Randleman), as well as to Plaintiff. In light of the Court's directions to serve Defendant Bowen

11

above, Plaintiff's "Motion for [an] Order Directing San Mateo County Counsel's Office to Appear on Behalf of Defendant Carole Bowen" (docket no. 34) is DENIED.

Defendant Bowen is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant Bowen to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant Bowen, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant Bowen will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant Bowen had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant Bowen will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant Bowen is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant Bowen has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

Defendant Bowen shall answer the complaint in accordance with the Federal Rules of Civil Procedure. While Defendants Horsely, Trindle, Sanchez and Randleman are directed to abide by the briefing schedule outlined in the Court's February 9, 2010 Order (although they have been granted an extension to file their dispositive motion up to and including **July 14, 2011**), the following briefing schedule shall govern the dispositive motion filed by Defendant Bowen in this action:

a.   No later than **thirty (30) days** from the date Defendant Bowen's answer is due, Defendant Bowen shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. Defendant Bowen may join in Defendants Horsely's, Trindle's, Sanchez's and Randleman's dispositive motion that is due on July 14, 2011. If Defendant Bowen is

of the opinion that this case cannot be resolved by summary judgment, Defendant Bowen shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant Bowen no later than **thirty (30) days** after the date on which Defendant Bowen's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendant], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce **evidence** in support of those allegations when he files his opposition to Defendant Bowen's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.      Defendant Bowen shall file a reply brief no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

Case 4:08-cv-04840-SBA   Document 63   Filed 06/15/11   Page 14 of 16

        d.        The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    3.        The Court directs Defendants Horsely, Trindle, Sanchez and Randleman to notice another deposition of Plaintiff. Plaintiff shall attend the properly noticed deposition even if he is not represented by counsel. If he does not complete this deposition, the Court will dismiss this action with prejudice for failure to prosecute under Rule 41(b), failure to comply with a court order under Rule 37(b), and failure to attend his deposition under Rule 37(d). Unless there are valid security concerns, the Court encourages prison officials at Solano to allow Plaintiff to obtain medical permission to reduce the amount of medication he takes prior to the deposition if he refuses to attend his deposition unless his medications are reduced, so that time and expenses are not wasted, the deposition can go forward and the case can be dismissed if it does not. However, even if prison officials do not provide the aforementioned medical permission, the Court will dismiss Plaintiff's case if he fails to attend and complete the deposition without proof from a doctor that he was physically and mentally unable to do so.

    4.        In order to give Defendants Horsely, Trindle, Sanchez and Randleman time to take Plaintiff's deposition, the Court GRANTS their request for an extension of time to file a dispositive motion up to and including **July 14, 2011** (docket no. 40). Because Plaintiff only points to a typographical error in Deputy County Counsel Zapparoni's declaration, the Court DENIES Plaintiff's "Motion to Strike the Declaration of Ceide Zapparoni in Support of Defendants['] Response to Plaintiff's Request to Vacate Plaintiff's Deposition Noticed for May 19, 2011; Defendants['] Request for Extension of Time to File Dispositive Motion" (docket no. 58).

    5.        Plaintiff's "Request to Vacate Deposition of Darryl Lee Goldstein," which was set for May 19, 2011, (docket no. 41) is DENIED as moot. His "Request for the Court to Stay It's [sic] Ruling on the Defendants['] Request for Extension of Time to File Dispositive Motion Until May 27, 2011" (docket no. 50) is also DENIED as moot.

    6.        The Court GRANTS Plaintiff's "Request to Have Case Referred to the Pro Se Prisoner Settlement Program" (docket no. 48). Accordingly, this action has been referred to the Pro Se Prisoner Settlement Program. **The Clerk shall provide a copy of the court documents that are**

14

Case 4:08-cv-04840-SBA   Document 63   Filed 06/15/11   Page 15 of 16

**not available electronically, including a copy of this Order, to Magistrate Judge Vadas in Eureka, California.**

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

9. This Order terminates Docket nos. 34, 40, 41, 48, 50, 58 and 61.

IT IS SO ORDERED.

DATED: 6/13/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRYL LEE GOLDSTEIN,

        Plaintiff,

  v.

DON HORSLEY et al,

        Defendant.

Case Number: CV08-04840 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
California State Prison - Solano
2100 Peabody Rd.
Vacaville, CA 95696

Dated: June 15, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Goldstein4840.revAM2COMPL&setSCHED.frm